UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ELSON ALEXANDER,

*Petitioner,*

–against–

TODD BLANCHE, *et al.*,

*Respondents.*
---------------------------------------------------------------X

No. 26 Civ. 6086 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Before the Court is Petitioner's letter motion to compel Respondents to return him to this jurisdiction following his July 26, 2026 transfer from the Orange County Jail ("OCJ") in Goshen, New York to the Diamondback Correctional Facility ("Diamondback") in Watonga, Oklahoma. (ECF No. 5.) Respondents oppose. (ECF No. 8.) For the reasons below, the motion is DENIED without prejudice.

The parties agree, correctly, that this Court's jurisdiction and venue are undisturbed by Petitioner's transfer. (ECF No. 8 at 3–5; ECF No. 12 at 2.) Habeas jurisdiction vested when the Petition was filed on July 22, 2026, while Petitioner was detained within this District, and his subsequent transfer does not divest it. *Ex parte Endo*, 323 U.S. 283, 306 (1944); *Ozturk v. Hyde*, 136 F.4th 382, 392 (2d Cir. 2025). The writ may be directed to any respondent within the Court's jurisdiction with authority to effectuate Petitioner's release. *Ozturk*, 136 F.4th at 392.

The parties dispute whether the Court possesses authority to order Petitioner's return. Respondents contend that 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B)(ii) deprive the Court of jurisdiction over U.S. Immigration and Customs Enforcement ("ICE") placement decisions (ECF No. 8 at 5–7); Petitioner invokes 28 U.S.C. §§ 2241 and 1651 (ECF No. 12 at 2–3). The Court

need not resolve that dispute. Assuming without deciding that it has authority to grant the relief requested, Petitioner has not made a showing that warrants such relief on the present record.

Petitioner does not maintain that Respondents transferred him for the purpose of evading this Court's jurisdiction. The sworn declaration of Acting Supervisory Detention and Deportation Officer Rafiq Munir states that Petitioner was selected for transfer, along with other detainees, due to bedspace constraints at OCJ and the conclusion of his immigration court proceedings, and that ICE became aware of the transfer on July 29, 2026, three days after it occurred. (Munir Decl., ECF No. 9 ¶¶ 8–9.) Petitioner's remaining argument concerns alleged limitations on access to counsel. Counsel represents that Petitioner has not been in contact with him since the transfer, that Petitioner made a single brief telephone call to his wife on August 3, 2026, and that virtual attorney visits at Diamondback are limited to a small number of one-hour appointments each day, with the earliest available appointment on August 5, 2026. (ECF No. 12 at 3.)

These representations, if substantiated, are not trivial. But they appear only in an unsworn memorandum, submitted for the first time in reply, to which Respondents have had no opportunity to respond. Counsel's own account, moreover, reflects that confidential attorney access is available at Diamondback, including an appointment within days of the reply's filing (ECF No. 12 at 3)—friction and delay, not deprivation. And the Court's July 30, 2026 Order already directs that Petitioner not be transferred from his current place of confinement absent further order of this Court (ECF No. 6), safeguarding the orderly adjudication of this action. On this record, the extraordinary mandatory relief of compelled return is not warranted. The denial is without prejudice to renewal supported by sworn declarations demonstrating a sustained, concrete impairment of Petitioner's ability to litigate this action, including his ability to confer

confidentially with counsel. Respondents shall ensure that Petitioner is afforded reasonable confidential telephonic or video access to his counsel of record for the duration of this action.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to compel (ECF No. 5) is DENIED without prejudice. The Court's directive that Respondents shall not transfer Petitioner from his current place of confinement absent further order of this Court remains in full force and effect. Respondents are directed to file their answer, return, and any opposition to the Petition on or before Thursday, August 6, 2026 at 5:00 p.m. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 5.

Dated: August 4, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge