USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELSON T. ALEXANDER,

Petitioner,

-against-

TODD BLANCHE *et al.*,

Respondents.

No. 26-CV-6086 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Petitioner Elson Alexander ("Petitioner") commenced this action on July 20, 2026, by filing a Petition for Writ of Habeas Corpus (the "Petition"), alleging that he is being unlawfully detained by United States Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner's counsel, however, did not file a motion seeking emergency relief. (*Id.*) Nor did Petitioner's counsel provide a supporting memorandum of law. (*Id.*) Rather, the only indication of any urgency was on the docket, which reflected that a "[r]equest for emergency relief [will be] separately filed." (*Id.*) It never was. No request for emergency relief was ever presented to the Court for consideration.

That changed on July 29, 2026, when Petitioner's counsel informed the Court that ICE transferred Petitioner from Goshen, New York, to Watonga, Oklahoma. (ECF No. 5.) Petitioner's counsel, as a result, sought to compel the Government to return Petitioner to New York. (*Id.*) Petitioner's application provided no supporting precedent or sworn declaration. (*Id.*) The Court consequently denied Petitioner's application to compel his return to New York on August 4, 2026. (ECF No. 14.) The Court did, however, leave in place its prior directive that the Government not further transfer Petitioner. (*Id.*; ECF No. 6.) The Court likewise directed the Government to

respond to the Petition by August 6, 2026. (ECF No. 14.) The Government timely complied. (ECF Nos. 15–17.) Petitioner thereafter submitted his reply papers on August 12, 2026. (ECF No. 19.) Despite the Court previously noting that Petitioner had not filed an application seeking emergency relief, no such application has been filed to date. (ECF No. 6.)

The procedural history of this action is troubling. What could have been presented as a routine request for expedited consideration of a habeas petition has instead been complicated by Petitioner's counsel's failure to seek the emergency relief contemplated at the outset of this action. Notwithstanding this failure, the Court proceeds to consider the Petition on the fully submitted record.

## DISCUSSION

With the Petition fully submitted, the Court turns to whether Petitioner is entitled to habeas relief.[1] The Government advances three principal arguments in opposition to the Petition: (1) Petitioner failed to exhaust his administrative remedies; (2) the Court lacks subject matter jurisdiction to review an Immigration Judge's ("IJ") discretionary bond determination; and (3) Petitioner's continued detention does not violate due process. (Gov't. Opp. at 9–14.) Because the Court concludes that Petitioner failed to exhaust his available administrative remedies, it need not reach the Government's remaining arguments.

### I. Exhaustion of Administrative Remedies

The Government asserts that the Petition should be dismissed because Petitioner failed to exhaust his available administrative remedies after the IJ denied his bond application. (Gov't. Opp. at 9.) The Court agrees.

[1] The Court refers to the Parties' motion papers as the following: (1) Petitioner's opening papers, ECF No. 1 ("Pet."); (2) the Government's opposition papers, ECF No. 17 ("Gov't. Opp."); and (3) Petitioner's reply papers, ECF No. 19 ("Pet. Reply").

By way of background, ICE detained Petitioner pursuant to 8 U.S.C. § 1226(a) on February 2, 2026. (*Id*. at 3.) On that same date, ICE determined that Petitioner failed to establish that he did not pose a danger to the community based on his prior criminal charges and arrests. (*Id*.) On February 7, 2026, Petitioner submitted a bond redetermination request to the Immigration Court pursuant to § 1226. (*Id*. at 4.) Petitioner's bond redetermination hearing took place on February 11, 2026, at which Petitioner, through counsel, withdrew the request without prejudice. (*Id*.) Petitioner subsequently resubmitted his request for a bond redetermination on February 22, 2026. (*Id*.) Petitioner then received a bond redetermination hearing on March 4, 2026. (*Id*. at 4–5.) The bond application was denied. (*Id*.) The IJ concluded that Petitioner failed to demonstrate that he was not a danger to the community based on his prior criminal charges and arrests. (*Id*. at 5.) While Petitioner appealed the IJ's decision concerning the merits of his removal proceedings, Petitioner did not appeal the IJ's March 4, 2026 bond decision. (*Id*. at 5–6.) It was not until June 12, 2026, that Petitioner submitted a motion for bond redetermination directly to the Board of Immigration Appeals ("BIA"). (*Id*. at 6.) By that time, the thirty-day period to appeal the IJ's March 4, 2026 bond decision had expired. (*Id*. at 5.)

"A habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Castillo Lachapel v. Joyce*, 786 F. Supp. 3d 860, 864 (S.D.N.Y. 2025) (quoting *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018)); *see also Monestime v. Reilly*, 704 F. Supp. 2d 453, 456 (S.D.N.Y. 2010) (same). "While [28 U.S.C.] § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter 'before immigration detention may be challenged in federal court by a writ of habeas corpus.'" *Id*. (citing *Paz Nativi v. Shanahan*, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017)). A district court, however, may excuse exhaustion where "(1) available remedies provide

no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

These exceptions do not apply here. To the contrary, Petitioner concedes that he failed to timely appeal the IJ's March 4, 2026 determination denying bond. (Pet. Reply at 1.) The Court need not write on a blank slate. On March 18, 2026, Judge Woods previously identified the same exhaustion deficiency presented here—Petitioner's failure to appeal the IJ's bond decision to the BIA. *See Elson T. Alexander v. DHS/ICE*, No. 26-cv-1952 (GHW) (S.D.N.Y. March 18, 2026), ECF No. 11. Rather than immediately dismissing Petitioner's previous petition, Judge Woods ordered Petitioner to show cause why his petition should not be denied for failure to exhaust administrative remedies. (*Id.*) Petitioner failed to respond, and the action was subsequently dismissed. *See Elson T. Alexander v. DHS/ICE*, No. 26-cv-1952 (GHW) (S.D.N.Y. April 24, 2026), ECF No. 12.

In an attempt to remedy this failure, Petitioner submitted a new request for bond redetermination directly to the BIA on June 12, 2026. (Pet. Reply at 1–2.) Petitioner's subsequent filing, however, does not establish that he has exhausted the administrative remedies available to him. *See Fontanelli as Next Friend of Bernal Garcia v. Francis*, 2025 WL 2773234, at *6–8 (S.D.N.Y. Sept. 29, 2025) (denying habeas petition without prejudice for failure to exhaust where administrative procedures remained available to challenge petitioner's detention); *Guzman v. Joyce*, 786 F. Supp. 3d 865, 870–71 (S.D.N.Y. 2025) (requiring exhaustion where administrative bond proceedings could potentially moot the habeas petition); *Marshall v. Arteta*, 2026 WL 1724311, at *4 (S.D.N.Y. June 15, 2026) (dismissing habeas petition without prejudice and requiring petitioner to pursue available bond proceedings before asserting constitutional claims in

federal court). If anything, Petitioner's June 12, 2026 submission further illustrates the procedural deficiencies that have plagued Petitioner's pursuit of habeas relief in this action. The submission similarly demonstrates that the administrative process has not run its course.

Petitioner's futility argument fares no better. Petitioner acknowledges that the BIA has not yet adjudicated his June 12, 2026 request for bond redetermination. (Pet. Reply at 2.) He therefore seeks relief from this Court while the very administrative proceeding through which he now seeks relief remains pending. With a pending submission before the BIA, the Court declines to intervene before the administrative process has run its course. *See Arana v. Decker*, 2020 WL 3833459, at *3 (S.D.N.Y. July 8, 2020) ("[T]he Court chooses to exercise its discretion to apply the prudential exhaustion doctrine and await the BIA's decision on [petitioner's] appeal before determining whether and to what extent further proceedings with respect to this Petition are necessary."); *Torres v. Decker*, 2018 WL 6649609, at *3 (S.D.N.Y. Dec. 19, 2018) ("Even if Petitioner believes that his arguments on administrative appeal are unlikely to persuade the BIA to reverse the IJ's custody determination, that is not enough to establish futility."). Petitioner therefore fails to demonstrate that further administrative review would be futile.

Because the Court concludes that Petitioner failed to exhaust his available administrative remedies, it need not reach the Government's remaining arguments concerning subject matter jurisdiction or the constitutionality of Petitioner's continued detention.

## CONCLUSION

The Petition is therefore DENIED without prejudice for failure to exhaust administrative remedies. The Court also cautions Petitioner's counsel that, if counsel intends to seek emergency relief from this Court in the future, he must do so through the appropriate procedural vehicle and provide the Court with the legal and evidentiary support necessary to adjudicate the requested

relief. Counsel is reminded that merely identifying a matter as urgent on the docket does not place a request for emergency relief before the Court. Nor may counsel rely on unsupported representations in lieu of sworn evidence where such evidence is necessary to support the relief requested. Where Petitioner seeks emergency relief based on his particular circumstances, counsel bears the responsibility of providing competent evidence supporting the factual predicates for that relief. Any future application for emergency relief must comply with the applicable Federal Rules of Civil Procedure, this Court's Individual Practices, and all other applicable rules. Failure to do so may result in the summary denial of the requested relief.

SO ORDERED.

Dated: August 13, 2026
White Plains, NY



Nelson S. Román, U.S.D.J.